**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| EUGENIO VILLA,                 ) | |
|                          ) | |
|            Petitioner,      ) | |
|     v.                      ) | No. 2:10-cv-101-WTL-TAB |
|                          ) | |
| WARDEN H.  J. MARBERRY,    ) | |
|                          ) | |
|         Respondent.    ) | |

**Entry and Order Directing Further Proceedings**

**I.**

The petitioner's custodian, named in her official capacity only, is the sole proper respondent in this action. The inclusion of other officials and/or agencies as co-respondents is unnecessary and is **stricken.**

The petitioner's request to proceed *in forma pauperis* is **granted**.

**II.**

The petitioner's motion to appoint counsel (dkt 2) has also been considered. The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ."  18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that the petitioner's claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be

necessary, that no discovery or other investigation will be required, that due allowance to the petitioner's *pro se* status will be made and that the petitioner has at least thus far demonstrated adequate ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and seems fully aware of the circumstances surrounding the challenged disciplinary proceeding. These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel is **denied.**

### III.

### A.

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser,* 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). This fully applies to the awkward and confused verbiage which the petitioner has compiled in his petition for a writ of habeas corpus.

### B.

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). Petitioner Villa is correct that due process protections attend certain prison disciplinary proceedings. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993). "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### C.

In view of the foregoing, Villa shall have **through May 12, 2010,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief. He is obligated to do nothing less. *Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'"). By "claims" as used in this setting

are meant the recognized principles of law which, as applied to the facts and circumstances of the challenged disciplinary proceeding, show that proceeding to have been deficient or violative of the petitioner's rights.

The amended petition for writ of habeas corpus, if filed, shall make clear what sanctions were imposed as a result of the challenged disciplinary proceeding and what actual or anticipated effect, if any, these sanctions had on the expected duration of the petitioner's confinement.

**IT IS SO ORDERED.**

Date: _04/14/2010_____

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Eugenio Villa
#01208-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808